UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

| | |
|---|---|
| United States of America, | Criminal No. 13-74 (PJS/FLN) |
| Plaintiff, | |
| v. | **REPORT & RECOMMENDATION** |
| **01- Michael Andrew Schlegel**, <br> **02- Bradley Mark Collin,** | |
| Defendant. | |

Tracy L. Perzel, Assistant United States Attorney, for Plaintiff.
Daniel J. Gerdts for Defendant Schlegel.
Shannon R. Elkins, Assistant Federal Defender, for Defendant Collin.

**THIS MATTER** came before the undersigned United States Magistrate Judge on June 26, 2013 on the defendants' pretrial motions. The matter was referred to the undersigned for a report and recommendation pursuant to 28 U.S.C. § 636 and Local Rule 72.1. The government called one witness at the hearing, IRS Special Agent Timothy Nichols, and entered four items into evidence.[1] For the reasons set forth below, the Court recommends that the defendants' motions be denied.

### I. FINDINGS OF FACT

On March 25, 2013, IRS Special Agent Timothy Nichols and IRS Special Agent Andy Gilbart visited the office of the defendant Michael Andrew Schlegel, in Maple Grove, MN, to deliver an invitation to Schlegel to appear before a grand jury. The two agents entered the main door

---

[1] The government's exhibit 1 is a subpoena to testify before the grand jury addressed to the custodian of records for Nature Rich, Inc. dated April 25, 2007; exhibit 2 is an audio recording of July 18, 2002 hearing in a bankruptcy case involving Nature Rich, Inc.; exhibit 3 is an e-mail from John Marti, Assistant United States Attorney, titled "p/c with Schelgel's attorney"; and exhibit 4 is an e-mail from IRS Special Agent Timothy Nichols titled "Invite Letters."

of the office and were greeted by Schlegel's wife, who was working at the reception desk. Both agents were wearing coats or jackets that concealed their firearms. They asked for Schlegel. Schlegel appeared and spoke with the two agents in the reception area of the office suite. The two agents handed him an envelope containing the invitation letter and then asked him to let them know by April 1, 2013 whether he would appear before the grand jury. Special Agent Nichols asked if Schlegel was represented by a lawyer. Gov.'s Ex. 4. Schlegel responded that he did not have a lawyer because he could not afford one.

The two agents discussed with Schlegel some procedural matters related to the indictment. Before discussing those matters, the two agents asked him if he would like to move the conversation to somewhere more private. The agents asked because when Special Agent Nichols previously served Schlegel with a target letter at the same location, Schlegel claimed that Nichols was trying to embarrass him. So the two agents and Schlegel moved to a conference room somewhere in the office suite. At some point during the agents' conversation with Schlegel, they informed him that he would be indicted on charges of tax evasion in April 2013 if the grand jury agreed with the government's theory of the case.

Schlegel did not appear to Special Agent Nichols to be impaired physically or mentally at any point during their conversation on March 25. The tone of the interaction was, according to Special Agent Nichols, "conversational." Schlegel asked whether he could do a presentation and play some audio or video to the grand jury. Nichols responded that he did not know and would have to get back to him. The entire conversation lasted approximately twenty minutes.

## II. CONCLUSIONS OF LAW

### A. Defendant Collin's motion to dismiss count 1

Defendant Collin moves to dismiss count 1 because he contends that the count is predicated

on acts beyond the statute of limitations. Count 1 charges Defendant Collin with conspiracy to defraud the United States by impairing and impeding the functions of the Internal Revenue Service in violation of 18 U.S.C. § 371. The statute of limitations for that crime is six years. 26 U.S.C. § 6531(1). "In a conspiracy charge, the limitations period begins to run from the occurrence of the last overt act in furtherance of the conspiracy that is set forth in the indictment." *United States v. Mueller*, 661 F.3d 338, 347 (8th Cir. 2011). In other words, the government must allege and prove the commission of "at least *one* overt act by *one* of the conspirators" in furtherance of the conspiracy within the limitations period. *United States v. Dolan*, 120 F.3d 856, 864 (8th Cir. 1997) (emphasis added).

Because the indictment in this case was filed on April 9, 2013, that overt act must have been committed at some point after April 9, 2007 in order for the alleged crime to fall within the statute of limitations. The government has alleged such an act. The indictment alleges that — in September 2007, September 2008, September 2009, and September 2010 — Defendant Schlegel filed false tax returns concealing the nature and extent of Defendant Collin's ownership interest in TMM/NatureRich. ECF No. 1 at ¶ 18 (r)–(t). The indictment also alleges that the conspiracy existed within the limitations period. *See id.* at ¶ 4 ("At various times between 2002 and 2009, Schlegel and Collin received wages and commission payments from TMM/NatureRich totaling more than $500,000.00 and $350,000.00 respectively."). Although Defendant Collin asserts in his brief that he "was not privy" to the corporate-tax-return filings, he has not met his burden of showing that he affirmatively withdrew from the conspiracy prior to April 9, 2007. *United States v. Grimmett*, 236 F.3d 452, 454–55 (8th Cir. 2001). Defendant Collin's motion to dismiss count 1 must be denied.

3

B.  **Defendant Schlegel's motion to dismiss count 2**

Defendant Schlegel moves to dismiss count 2 because he contends that the statute of limitations has expired. Count 2 charges Schlegel with tax evasion for the calendar year 2006 in violation of 26 U.S.C. § 7201. The statute of limitations for that crime is six years. 26 U.S.C. § 6531(2). A statute of limitations does not begin to run until the crime is complete. *United States v. Ecklund,* 733 F.3d 1287, 1298 (8th Cir. 1984) (citing *Toussie v. United States*, 397 U.S. 112, 115 (1984)). A crime is not complete until all of its elements occur. The elements of tax evasion are (1) the existence of a tax deficiency, (2) willfulness, and (3) the affirmative act of evading or attempting to evade the tax. *Sansone v. United States*, 380 U.S. 343, 353 (1965).

An individual's tax liability for any given year becomes due on April 15 of the following year. *United States v. Carlson*, 235 F.3d 466, 470 (9th Cir. 2000); *United States v. Payne,* 978 F.2d 1177, 1179 (10th Cir. 1992); *United States v. DiPetto*, 936 F.2d 96, 98 (2nd Cir. 1991); *United States v. Williams*, 928 F.2d 145, 149 (5th Cir. 1991). Defendant Schlegel's tax liability for 2006 became due on April 15, 2007. No tax deficiency could have arose any earlier than that date, so the statute of limitations for count 2 began no earlier than April 15, 2007. The indictment was filed on April 9, 2013. Because the indictment was filed within six years of Schlegel's tax deficiency for 2006, his motion to dismiss count 2 must be denied.

C,  **Defendant Schlegel's motion to dismiss for prejudicial pre-indictment delay**

Defendant Schlegel moves to dismiss the indictment for prejudicial delay. The Due Process Clause of the Fifth Amendment requires that an indictment be dismissed if (1) pre-indictment delay substantially prejudices a defendant's right to a fair trial and (2) the delay was an intentional device used by the government to gain tactical advantage over the accused. *United States v. Lovasco*, 431

4

U.S. 783, 795 (1977); *United States v. Marion*, 404 U.S. 307, 324 (1971). Although typically the Court considers the prejudice prong first, see *United States v. Brockman*, 183 F.3d 891, 895 (8th Cir. 1999), Defendant Schlegel concedes that he cannot show that the government used the delay to intentionally gain a tactical advantage. Def.'s Br. at 4, ECF No. 46. He therefore asks the Court deny this motion without prejudice. The Court agrees and recommends that the motion be denied without prejudice.

### D. Defendant Schlegel's motion to suppress statements

Defendant Schlegel moves to suppress any statements he made to Special Agent Nichols during their conversation at Schlegel's office on March 25, 2013. The defendant contends that the encounter was coercive because the two agents visited him without notice and advised him of the threat of imminent criminal prosecution. Def.'s Br. at 6, ECF No. 46. He alleges that any statements made by him during this conversation were therefore involuntary. *Id*.

A statement is voluntary if it is the "product of an essentially free and unconstrained choice" by the speaker. *Schneckloth v. Bustamonte*, 412 U.S. 218, 225 (1973). The Court looks at the totality of the circumstances in determining whether a statement is voluntary, including the tactics used by law enforcement, the details of the conversation, and any characteristics of the accused that might cause his will to be easily overborne. *United States v. Rohrbach*, 813 F.2d 142, 144 (8th Cir. 1987).

In this case, the testimony established that the two agents went to Defendant Schlegel's office to ensure that he personally received the invitation. The agents did not use any violence or physically threaten the defendant during the conversation. The agents' weapons were concealed. The meeting occurred in the defendant's office, not an interrogation room, and at no point did the defendant attempt to terminate the conversation or ask the agents to leave. The circumstances that

5

allegedly rendered the defendant's statements involuntary — the lack of notice, the sending of two agents rather than one, and informing him of the grand-jury proceedings — do not rise to the level of coercive police activity. The defendant's motion to suppress any statements made on March 25, 2013 must be denied.

### III. RECOMMENDATION

In light of the foregoing, it is **HEREBY RECOMMENDED** that:

1. Defendant Collin's motion to dismiss count 1 (ECF No. 30) should be **DENIED**.

2. Defendant Schlegel's motion to dismiss count 2 (ECF No. 35) should be **DENIED**.

3. Defendant Schlegel's motion to suppress statements (ECF No. 41) should be **DENIED**.

4. Defendant Schlegel's motion to dismiss for prejudicial preindictment delay (ECF No. 36) should be **DENIED without prejudice**.

5. Defendant Schlegel's motion to suppress search and seizure evidence (ECF No. 39) should be **DENIED** as moot. The defendant indicated at the hearing that the motion was moot.

6. Defendant Schlegel's motion to suppress unconstitutional identifications (ECF No. 40) should be **DENIED** as moot.

DATED: August 14 , 2013
*s/Franklin L. Noel*
FRANKLIN L. NOEL
United States Magistrate Judge

Pursuant to the Local Rules, any party may object to this Report and Recommendation by filing with the Clerk of Court and serving on all parties, on or before **August 29, 2013**, written objections that specifically identify the portions of the proposed findings or recommendations to which objection is being made, and a brief in support thereof. A party may respond to the objecting party's brief within fourteen (14) days after service thereof. All briefs filed under the rules shall be limited to 3,500 words. A judge shall make a de novo determination of those portions to which objection is made.

Unless the parties are prepared to stipulate that the District Court is not required by 28 U.S.C. § 636 to review a transcript of the hearing in order to resolve all objections made to this Report and

Recommendation, the party making the objections shall timely order and cause to be filed by **August 29, 2013,** a complete transcript of the hearing.

This Report and Recommendation does not constitute an order or judgment of the District Court, and it is, therefore, not appealable to the Circuit Court of Appeals.